## JOHN THORNHILL *v.* RICHARD CHRISTMAS.

A creditor of a residuary legatee, or devisee, of one whose succession is being admi-
nistered in another State, cannot attach specific property of the succession, while
still in possession and under the control of the executor, and the estate not yet fully
administered. The property must be considered as the executor's, for the purposes
of his trust.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. The plaintiff having obtained a judgment against the defendant, appealed from a judgment in favor of M. Caruthers & Co., whose answers, denying that they had any property in their possession belonging to the defendant, or owed him anything, were traversed.

*Kane*, for the appellant.

*E. C. Mix* and *T. J. Cooley*. for the garnishees.

BULLARD, J. This action was commenced by an attachment, and M. Caruthers & Co. were made garnishees, and, in reply to interrogatories propounded by the plaintiff, answered, that they owed the defendant nothing, and had no property belonging to him in their possession, or under their control. The plaintiff traversed these answers by a supplemental petition, and further interrogatories were propounded to Young, a member ber of the firm of M. Caruthers & Co. The controversy relates to the ownership of forty-eight bales of cotton, shipped by Thomas H. Christmas, as executor of the last will of D. L. Horn, late of the State of Mississippi, deceased, which, it is admitted, was the produce of the estate. The plaintiff alleges that his debtor, Richard Christmas, the defendant, having married a relative of Horn, who died leaving a child, he became tenant, by the curtesy of England, and entitled to the revenues of the estate devised to her. It is asserted, on the other hand, that Horn devised to Mary E. Christmas and William Hardeman Christmas, certain portions of his estate, after payment of his debts. That Richard and Mary E. Christmas had two children born of their marriage, to wit, William H., and Henry Hill Christmas. That Mary E. Christmas and William H., died after the devise. That the estate of Horn is still under administration, and is largely indebted, both by mortgage and otherwise. That there is still living a child of Mary E. Christmas, to wit, Henry H., who is the sole heir of his deceased mother and brother. That the cotton marked D. L. H. was consigned to the garnishees by the executor, and will belong to Henry Hill Christmas, as soon as Horn's estate shall have been fully administered.

A copy of Horn's will is in the record. It shows that, after

some particular legacies, he says: "The residue of my whole estate, after it shall have been wound up by my executors, I hereby give and bequeath to my affectionate friends, Mary E. Christmas and her son William Hardeman Christmas, to be equally divided between them, share and share alike." He appoints Thomas H. Christmas his executor. This will appears to have been duly admitted to probate. It authorizes the executor to do every thing necessary for the settling up of the estate: "To sell at private sale, and give a fee simple, to lease out and dispose of, in any manner, which, in his discretion, may seem best for the benefit of my devisees, both real and personal property."

Such being the admitted facts, we are clearly of opinion, that even if the defendant were himself the residuary legatee, or devisee, instead of being the father of one of them and the husband of the other, and thus entitled, as he asserts, to the estate as tenant by the curtesy, yet his creditors would not be authorized to levy upon specific property belonging to the estate, while it is still in possession and under the control of the executor, and the estate not yet fully administered. The cotton shipped by the executor must be considered as his, for the purpose of paying debts, and is not subject to attachment for the debts of the defendant.

*Judgment affirmed.*